IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| TIM MOREL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:08-cv-108 |
| | § | |
| NABORS DRILLING | § | |
| | § | |
| Defendant. | § | |

## SCHEDULING/DISCOVERY PLAN

Pursuant to Rule 26(f), counsel for Defendant and Pro Se Plaintiff certify that on Thursday, February 19, 2009, they conferred by telephone to discuss the nature and basis of the parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case, and a proposed discovery plan. After conferring, counsel for Defendant and Pro Se Plaintiff have agreed upon the following:

1. The parties shall make by March 9, 2009 Rule 26(a)(1) disclosures as follows: (1) names and addresses of persons with relevant knowledge pertaining to Plaintiff's claims of sexual and racial harassment and wrongful termination and Defendant's defenses to such claims; (2) listing of categories of documents that relate to the allegations and defenses; (3) computation of Plaintiff's damages; and (4) any applicable insurance agreements. The parties will make such disclosures in writing and forward to the opposing side by certified mail.

2. The issues on which the parties need to conduct discovery are: Plaintiff's allegations of harassment and wrongful termination, his communication of

such concerns, and his work performance.

3.      The parties shall have until December 4, 2009 to complete fact discovery and to file discovery motions.

4.      The parties shall provide the names of expert witnesses and complete reports under Rule 26(a)(2) as follows:

   a.      Plaintiff will provide such expert information by September 1, 2009.

   b.      Defendant will provide such expert information by October 6, 2009.

5.      The parties shall have until December 4, 2009 to complete discovery depositions of expert witnesses.

6.      The parties shall have until May 1, 2009 to move to join additional parties.

7.      The parties shall have until June 15, 2009 to move to amend pleadings to add claims or defenses, except for claims for punitive damages for which the deadline shall be July 31, 2009.

8.      The parties shall have until October 30, 2009 to file other nondispositive motions (e.g., consolidation, bifurcation).

9.      The parties shall have until June 30, 2009 to file threshold motions (e.g., jurisdiction, qualified immunity, statute of limitations).  Discovery shall be stayed during the pendency of such motions.

10.     The parties shall have until January 12, 2010 to file other dispositive motions (summary judgment as to all or part of the case).

11.     Each party shall serve no more than twenty-five interrogatories, including

subparts.   No broad contention interrogatories (i.e., "List all facts supporting your claim that . . .") shall be used.  (Show good cause for more than the 25 interrogatories allowed by Rule 33).

12.     Each side shall take no more than 5 discovery depositions (Show good cause for more than the 10 depositions allowed by Rule 30).

13.     Depositions take for presentation at trial shall be completed 30 days before trial.

14.     Counsel have discussed between themselves and explored with their clients early involvement in alternative dispute resolution.  The following option(s) would be appropriate in this case:

__X__  **arbitration** – Defendant notes that before the Rule 16 Scheduling Conference with the Court, it will be filing a Motion to Compel Arbitration pursuant to the Nabors Dispute Resolution Program, which requires that all employment-related disputes be pursued through arbitration.

_____  **mediation** (choose one):

_____  private mediator

_____  court-hosted early settlement conference – should the conference be held before a judge who will not be the trial judge?

____  yes

____  doesn't matter

_____  **early neutral evaluation** before (choose one):

\_\_\_\_\_ judge other than trial judge

\_\_\_\_\_ neutral technical expert

\_\_\_\_\_ neutral attorney

\_\_\_\_\_ other (specify) _____

\_\_\_\_\_ none (explain reasons) _____

The parties shall be ready to evaluate the case for settlement purposes by October 30, 2009.  The parties have agreed that Defendant's counsel will report back to the magistrate judge that the ADR effort was completed and whether or not it was successful.  The court reminds the parties that early involvement in ADR is voluntary, not mandatory.  Participation in ADR is encouraged by the court but is not required except for a settlement conference shortly before trial.

15.     A mid-discovery status conference would be helpful in this case.   An appropriate time for the conference would be July 31, 2009.

16.     The parties will not voluntarily waive their rights to proceed before a district judge and consent to have a magistrate judge conduct any and all further proceedings in this case, including the trial, and order the entry of a final judgment.

17.     Trial of this case will be by judge.

18.     The estimated length of trial is 2 days.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.


By: _____

       Elizabeth Mata Kroger
       David J. Quan
       808 Travis, Suite 1800
       Houston, Texas  77002
       Telephone:    713.632.1700
       Facsimile:    713.222.0101

       ATTORNEYS FOR DEFENDANT,
       NABORS DRILLING USA, LP



By: _____

       Tim Morel
       Pro Se Plaintiff
       717 3rd Avenue SW
       Dickinson, ND 58601
       Telephone: 701-225-7918

**ORDER**

The Scheduling/Discovery Plan is approved with the following modifications:

Dated this 17th day of March, 2009.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge