**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Tim Morel, | ) | |
| | ) | **ORDER DENYING PLAINTIFF'S** |
| Plaintiff, | ) | **MOTION TO REMOVE CASE FROM** |
| | ) | **ARBITRATION** |
| vs. | ) | |
| | ) | Case No. 1:08-cv-108 |
| Nabors Drilling, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is the Plaintiff's "Request to Move Case from Arbitration Back into District Court" filed on April 12, 2010. See Docket No. 26. On May 25, 2010, the Defendant filed a response in opposition to the motion. See Docket No. 27. For the reasons explained below, the motion is denied.

I.    **BACKGROUND**

The plaintiff, Tim Morel, is a former employee of the defendant, Nabors Drilling. Morel began his employment with Nabors Drilling on or about October 8, 2007. Morel's employment relationship with Nabors Drilling was governed by the "Nabors Dispute Resolution Program" which provided that in the event of a dispute between Morel and Nabors Drilling, the matter would be submitted to an arbitrator. See Docket No. 11-1, Exh. A. On October 8, 2007, Morel signed an employee acknowledgment form which stated that he would be required "to adhere to the Dispute Resolution Program and its requirement for submission of disputes to a process that may include mediation and/or arbitration." See Docket No. 11-1, Exh. B.

Morel commenced this lawsuit on January 13, 2009, alleging sexual and racial harassment. See Docket No. 3.  Nabors Drilling filed a motion to compel arbitration on February 25, 2009.  See Docket No. 11.  Morel first objected to arbitration but later consented.  See Docket Nos. 20 and 21. The Court stayed the case and ordered the parties to proceed with arbitration in an order dated April 8, 2009.  See Docket No. 22.  Proceedings before the American Arbitration Association were commenced in August of 2009.  See Docket No. 24.  Morel filed the current motion on April 12, 2010. See Docket No. 26.  Morel complains that the assigned arbitrator is not impartial.  He also suggests the manner in which the arbitrator was selected was unfair.  Morel requests the order compelling arbitration (Docket No. 22) be lifted and the matter set for trial before the Court.

## II.   LEGAL ANALYSIS

Morel's motion was filed April 12, 2010.  Nabors Drilling filed its response on May 25, 2010.  Nabors Drilling stated in its response that a hearing on the merits was scheduled for May 17, 2010, although it is somewhat unclear whether that hearing was held .  There is nothing in the record or the submissions of the parties to indicate the arbitrator has issued a decision, and there is no motion before the Court requesting confirmation of the award.  See 9 U.S.C. § 9 (specifying procedures for court approval of arbitration awards).  Consequently, Morel's motion is premature.

The impartiality of the arbitrator is, of course, essential to the validity of the arbitration procedure.  See Commonwealth Coatings Corp. v. Cont'l Cas. Co. 393 U.S. 145, 146-47 (1968). The Court may vacate an arbitration award upon a showing of partiality on the part of the arbitrator.

See 9 U.S.C. § 10(a)(2); Olson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 51 F.3d 157, 158-59 (8th Cir. 1995).

The selection of the arbitrator is governed by the arbitration agreement. See Docket No. 14-2, ¶ 12. The arbitration agreement provides that "if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the submitted list, the AAA shall have the power to make the appointment from among other members of the panel without the submission of additional lists." See Docket No. 14-2, ¶ 12(c)(iii). The arbitrator was selected by the American Arbitration Association after it was discovered that none of the arbitrators agreed upon by the parties were available. The arbitration agreement also addresses objections to the selected arbitrator and provides procedures for disqualifying the arbitrator. See Docket No. 14-2, ¶ 16. It is unknown if Morel has availed himself of these procedures.

The Court is of the opinion that Morel should make his objections to the arbitrator known to the American Arbitration Association in the first instance and as provided by the arbitration agreement. Should the arbitrator render a decision unfavorable to Morel, he may, if he has evidence of a biased arbitrator, at that time[1] move the Court to vacate the award under 9 U.S.C. § 10(a)(2).

---

[1] A motion to vacate an arbitrator's award is generally subject to a three-month limitations period which runs from the time the decision is issued. See 9 U.S.C. § 12.

III.    <u>**CONCLUSION**</u>

Accordingly, the Plaintiff's motion (Docket No. 26) is **DENIED** without prejudice.

**IT IS SO ORDERED**.

Dated this 8th day of July, 2010.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Judge
United States District Court

4